Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 136 | **DATE** | 7/31/2000 |
| **CASE TITLE** | Salvadore Longoria vs. Diaz etal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing held and continued to **10/30/00 at 9:30**.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Defendant Diaz's motion to dismiss is denied. Defendant Diaz to answer or plea to the complaint by 8/21/00.**
(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | AUG 01 2000 date docketed | 22 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 7/31/2000 date mailed notice | |
| AC | courtroom deputy's initials | 00 JUL 31 PM 2:47 Date/time received in central Clerk's Office | AC mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SALVADOR LONGORIA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 00 C 136 |
| OFFICER DIAZ and SERGEANT GUZMAN, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

DOCKETED
AUG 01 2000

MATTHEW F. KENNELLY, District Judge:

Plaintiff Salvador Longoria claims that he was beaten without justification by defendants Deputy Diaz and Sergeant Guzman, both of whom are correctional officers at the Cook County Jail, where Longoria is an inmate. Longoria filed a *pro se* action under 42 U.S.C. §1983, and the Court appointed counsel to represent him. Defendant Diaz (defendant Guzman evidently has not yet been served with summons) has moved to dismiss Longoria's complaint pursuant to 42 U.S.C. §1997e(a) for failure to exhaust administrative remedies. For the reasons set forth below, the Court denies Diaz's motion.

### Facts

Longoria alleges that on April 9, 1999, he was approached by Diaz and Guzman in the "clothing room" of Division 8 of the jail. They demanded to know why Longoria, who was in a wheelchair, was wearing sunglasses; Longoria said they were prescription glasses. Longoria says that Diaz pulled him from his wheelchair and began to kick and punch him, ultimately causing Longoria to have a seizure and requiring medical care. Guzman, he says, stood and

watched while Diaz beat him. Guzman alleges that the beating was unprovoked and unnecessary and that it violated his rights under the Fourth and Eighth Amendments. He seeks damages for his injuries.

**Discussion**

The Prison Litigation Reform Act provides that no civil rights action may be brought by a prisoner confined in any jail, prison, or correctional facility "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Longoria did not specifically allege in his *pro se* complaint that he had exhausted administrative remedies at the Jail, though he did attach to the complaint a number of grievances that he had filed **[do they concern this?]**. One of the grievances refers to an internal investigation of the alleged incident by the Internal Affairs Department of the Cook County Department of Corrections. However, Longoria does not allege, nor does he claim in his response to the motion to dismiss, that any of these grievances had been finally resolved at the time he filed suit, or indeed that they have been resolved yet today.

Section 1997e(a) makes exhaustion of remedies a precondition to suit. In *Perez v. Wisconsin Department of Corrections,* 182 F.3d 532, 534 (7th Cir. 1999), the court held that the statute requires dismissal of a §1983 complaint filed before administrative remedies have been completed. *Perez* involved a claim for denial of medical care. Perez had suffered a back injury; a doctor at the prison where he had previously been incarcerated recommended surgery, but a doctor at the prison where he was incarcerated at the time of suit prescribed medication and therapy rather than surgery. Perez sued, claiming that the denial of surgery constituted cruel and unusual punishment. He had not, however, filed and pursued a prison grievance concerning his complaint. The court rejected his argument that filing a grievance would be futile, saying that

2

"[n]o one can know whether administrative requests will be futile; the only way to find out is to try." *Id.* at 537.

Perez also argued, as does Longoria here, that the prison grievance procedure could not provide him with the remedy he was seeking, namely money damage. The court rejected this argument as well, saying that "[a]dministrative remedies can help even when the prisoner wants damages.... Wisconsin might decide, in response to an administrative request, to change his medical regimen; it might even decide to authorize the surgical intervention Perez tells us he prefers." *Id.* at 537. This could, among other things, have affected Perez's damage recovery by terminating the accrual of further damages. *Id.* at 537–38. The court therefore directed the dismissal of Perez's claim. *Id.* at 538. It did, however, indicate a potential exception to the rule of exhaustion: "[i]t is possible to imagine cases in which the harm is done and no further administrative action could supply any 'remedy.' ... Suppose the prisoner breaks his leg and claims delay in setting the bone is cruel and unusual punishment. If the injury has healed by the time suit begins, nothing other than damages could be a 'remedy,' and if the administrative process cannot provide compensation then there is no administrative remedy to exhaust." *Id.*

*Perez*'s exception describes the present case. Longoria does not claim a denial of medical care, and in his response to the motion to dismiss he disavows any claim for future damages. *See* Pltf's Mem. in Resp. to Mot. to Dismiss at 3. In short, Longoria claims no ongoing injury that could be remedied via the Jail's grievance process. Rather, he seeks simple money damages for a past incident that is over and done with. Diaz has given no indication that the Jail's grievance process can provide Longoria with any remedy for this injury. Just as Judge Norgle held in *Latiker v. Carter,* No. 97 C 8466, 1999 WL 1252137, at *2 (N.D. Ill. Dec. 20, 1999), and as

3

Judge Plunkett held in *Rodriguez v. Oakley,* No. 98 C 4152, 1999 WL 618840, at *2 (N.D. Ill. Aug. 9, 1999), there are no administrative remedies available for Longoria to exhaust, and thus his failure to wait for the completion of the grievance process before filing suit does not bar his claim. *Compare Massey v. Helman,* 196 F.3d 727, 734 (7th Cir. 1999) (prisoner whose hernia had been surgically repaired but whose physical ailment lingered after he filed suit was required to exhaust administrative remedies).

For these reasons, the Court denies defendant Diaz's motion to dismiss. Diaz is ordered to answer the complaint on or before August 21, 2000.

MATTHEW F. KENNELLY
United States District Judge

Date: July 31, 2000